Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 15-1227

KARLA DANIELA GUERRA-CARRANZA,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Stahl, and Barron,
<u>Circuit Judges</u>.

Ondine G. Sniffin and Mills and Born, Attorneys at Law, on brief for petitioner.
Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, John S. Hogan, Assistant Director, Office of Immigration Litigation, and Matthew A. Spurlock, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

May 23, 2016

**BARRON**, **Circuit Judge**.  Karla Daniela Guerra-Carranza is a native and citizen of El Salvador.  The Board of Immigration Appeals (BIA) dismissed her appeal of a decision by the Immigration Judge (IJ) denying her successive application for asylum and her petition for protection under the Convention Against Torture (CAT).  She petitions for review.  For the reasons that follow, we deny the petition.

## I.

Guerra arrived in the United States in December 2006.  She was apprehended at the Mexican border upon arrival and was placed in removal proceedings soon thereafter.  Guerra conceded removability and submitted an application for asylum, withholding of removal, and CAT protection.  With respect to her asylum application, she alleged that from the seventh grade until her graduation from high school in November 2006, she was repeatedly confronted by gang members who threatened to sexually abuse and rape her if she failed to join the gang.

After a hearing, the IJ granted Guerra's application for asylum.  The IJ found that Guerra was "a member of a group of girls attending a Catholic school who are considered to be of intellect and ambition," that she had experienced past persecution by gangs in El Salvador on account of her membership in that group, and that she had a reasonable fear of future persecution.

The BIA reversed. The BIA held that "being a girl who attends Catholic school" was not a cognizable social group for the purposes of asylum. The BIA further held that Guerra had failed to establish eligibility for withholding of removal and remanded the case to the IJ to determine whether Guerra was subject to CAT protection. Guerra did not appeal the BIA's decision to this court.

On remand, Guerra submitted a new application for asylum, along with supporting documentation. The IJ then held an evidentiary hearing on whether Guerra was eligible for CAT protection. At that hearing, Guerra testified that her parents, who lived in El Salvador, had passed away, that her sisters and husband had recently arrived in the United States, that there was "no one in [her] country that could protect [her]," and that the gangs in El Salvador were more active than when she first applied for relief from removal.

The IJ denied Guerra's request for CAT protection. Regarding Guerra's new application for asylum, the IJ stated that Guerra "ha[d not] established either changed circumstances or changed country conditions such as to warrant a re-opening of her asylum claim in that the same basis remains for her eligibility for asylum as in the past."

The BIA affirmed. The BIA held that Guerra had not demonstrated entitlement to CAT relief, and that the IJ "correctly

- 3 -

determined that [Guerra] did not establish either changed circumstances or changed country conditions to warrant a reopening of her asylum claim."

Guerra petitions for review of the BIA's decision on her asylum petition.[1]

## II.

Both parties characterize Guerra's request to the IJ as one to file a successive application for asylum. As the parties agree on this point, we proceed on that understanding as well.

The Immigration and Nationality Act provides that an alien may file an application for asylum "within 1 year after the date of the alien's arrival in the United States," as long as the alien has not "previously applied for asylum and had such application denied." 8 U.S.C. § 1158(a)(1), (a)(2)(B), (a)(2)(C). However,

> [a]n application for asylum of an alien may be considered, notwithstanding [the time and number restrictions], if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application.

---

[1] Guerra does not contend that she is eligible for protection under the CAT, and so any such argument is waived. See Toloza-Jiménez v. González, 457 F.3d 155, 159 n.9 (1st Cir. 2006).

Id. § 1158(a)(2)(D). The regulations define "changed circumstances" as including, among other things, "[c]hanges in conditions in the applicant's country of nationality" and "[c]hanges in the applicant's circumstances that materially affect the applicant's eligibility for asylum." 8 C.F.R. § 1208.4(a)(4)(i)(A)-(B).

Guerra argues to us that the BIA erred in concluding that she had not shown changed circumstances sufficient to warrant consideration of her successive asylum application. Where, as here, "the BIA adopts and affirms an IJ's decision, we review the IJ's decision 'to the extent of the adoption, and the BIA's decision as to [any] additional ground.'" Sunoto v. Gonzales, 504 F.3d 56, 59-60 (1st Cir. 2007) (quoting Berrio-Barrera v. Gonzales, 460 F.3d 163, 167 (1st Cir. 2006)) (alteration in original).

We are limited, however, in our ability to review the BIA's decision that Guerra has not shown changed circumstances. We have jurisdiction over the petition for review only to the extent that Guerra "identifies a legal or constitutional defect in the decision." See El-Labaki v. Muaksey, 544 F.3d 1, 5 (1st Cir. 2008) (citing 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D)). Otherwise, we lack jurisdiction. Id.

**III.**

Guerra makes several arguments to us. She first contends that the IJ erred in concluding that "he lacked jurisdiction to

- 5 -

hear [her] successive application for asylum." But the IJ did not hold that he lacked jurisdiction to hear Guerra's successive application. Rather, after speculating that he might not have "the authority" to consider that application, the IJ in fact ruled on Guerra's successive application. And so that argument fails.

Guerra next argues that she presented sufficient evidence to the IJ to warrant a finding of changed country conditions. But Guerra identifies no legal or constitutional error in the BIA's decision affirming the IJ's decision that she did not show changed country conditions. Rather, she contends that the BIA erred in not finding that, because the conditions in El Salvador had worsened for young women, the country conditions had changed. Her challenge, therefore, regards a factual determination, which we are without jurisdiction to review. See Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir. 2005).

Guerra also contends that the evidence she presented to the IJ warranted a finding of changed personal circumstances. She contends that she introduced evidence that since the filing of her first petition for asylum, she had married, both her parents had died, and her sister had arrived in the United States. And she contends that this evidence established that, were she required to return to El Salvador, she "would be a member of a particular social group defined as 'unaccompanied women returning to El Salvador after living in the United States' or 'women in El

- 6 -

Salvador lacking familial protection,' and therefore the target of [gangs]."

The problem for Guerra is that she never presented her argument about the social groups to which she belongs to either the IJ or the BIA.  We appreciate Guerra's argument that she never had the opportunity to provide the argument to the IJ because the IJ cut her off.  Guerra did, however, have the opportunity to make the argument to the BIA in appealing the IJ's ruling.  And although Guerra did summarize to the BIA the facts that she had presented to the IJ that suggested that she was not part of the same social group that the BIA had previously rejected -- "girls attending a Catholic school who are considered to be of intellect and ambition" -- she made no argument to the BIA as to how those new facts placed her in a cognizable social group for the purposes of asylum.  Thus, we do not have jurisdiction to determine whether her purported membership in either of these two claimed social groups renders the denial of her asylum application erroneous. See Sunoto, 504 F.3d at 59.

Finally, Guerra argues that she was denied due process when, at her evidentiary hearing, the IJ "cut-off [sic] further discussion about [her] request of renewed asylum."  But a successful due process claim requires a showing of prejudice.  See Lattab v. Ashcroft, 384 F.3d 8, 20 (1st Cir. 2004).  And the only argument we can plausibly infer from Guerra's brief regarding

prejudice is the same argument we have explained was not presented to the BIA -- namely that, had the IJ not cut her off, she would have successfully explained that her new personal circumstances placed her in two new social groups for asylum purposes. And so here, too, her contention fails, as it depends on an argument that was never made to the BIA. Sunoto, 504 F.3d at 59.[2]

### IV.

The petition for review is denied.

---

[2] We note that the facts set forth in this petition suggest it may be appropriate for the Government to consider whether to exercise its prosecutorial discretion in this case.